## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 39465-2011

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF: | ) ) ) ) | Boise, March 2012 Term |
| JANE (2011-24) DOE, | ) ) ) | 2012 Opinion No. 64 |
|  | ) | Filed: April 26, 2012 |
| Respondent-Appellant, | ) ) | Stephen W. Kenyon, Clerk |
|  | ) |  |

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. The Hon. Brian D. Lee, Magistrate Judge.

The judgment of the magistrate court is affirmed.

Mikela A. French, Deputy Canyon County Public Defender, Caldwell, for appellant.

Brent King, Deputy Attorney General, Caldwell, for respondent.

---

EISMANN, Justice.

This is an appeal from a judgment terminating the appellant's parental rights with respect to her two children. We affirm the judgment on the ground that there was substantial and competent evidence supporting the magistrate court's findings of fact.

### I.

### Factual Background.

Appellant is the mother of two minor children who were placed into the custody of the Idaho Department of Health and Welfare on suspicion that they were abused or neglected. On March 27, 2009, the Canyon County Prosecuting Attorney filed a petition under the Child Protective Act alleging that Appellant's infant daughter was abused. On April 8, 2009, the prosecutor filed an amended petition adding Appellant's son and alleging that he was neglected. On May 29, 2009, Appellant appeared in court with her attorney for the adjudicatory hearing,

and she stipulated that her two children were within the jurisdiction of the magistrate court under the Child Protective Act.[1]  Pursuant to that stipulation, on June 3, 2009, the magistrate court entered a decree of protective custody of the Department for an indeterminate period not to exceed their eighteenth birthdays.  On June 16, 2009, Appellant signed a case plan that had been prepared pursuant to Idaho Code section 16-1621 to set forth reasonable efforts that would make it possible for the children to return to Appellant's home.

On July 27, 2010, the prosecutor filed a petition seeking to terminate Appellant's parental rights in her two children.  The matter was tried to the magistrate court, which on December 7, 2011, issued its decision.  The court found that Appellant had failed to complete the tasks required of her under the case plan.

The case plan required that Appellant demonstrate adequate parenting and protective skills with her children.  This matter had come to the attention of law enforcement and the Department because Appellant's son had physically attacked the son of Appellant's boyfriend when they were residing in the same house.  They took the boyfriend's son to the hospital, and the medical personnel became suspicious and contacted police because Appellant and her boyfriend gave conflicting accounts of how the boyfriend's son had been injured.  Although Appellant attended parenting classes, the court found that Appellant was never able to demonstrate during visits with her children that she was able to implement what she had been taught in order to properly care for both children.  The court found that during those visits Appellant failed to respond appropriately to her son's outbursts and failed to engage him in age and developmentally appropriate activities.  It further found that she was unable to recognize the deficiencies in her behavior and resisted suggestions for improvement from her caseworkers.

The case plan also required that Appellant secure safe and stable housing approved by the Department.  She moved into low-income housing with the assistance of the Department, but she was evicted because of violations of the lease.  She moved into a homeless shelter, and by the time of trial was living in a camp trailer that she stipulated was unsafe for children and that the

---

[1] To be within the jurisdiction of the magistrate court under the Child Protective Act, a child must be neglected, abused, or abandoned by his or her parents, legal guardian, or other legal custodian; or the child must be homeless; or the child's parents or other legal custodian must have failed to provide a stable home environment.  I.C. § 16-1603(1).  If a child is found within the court's jurisdiction under section 16-1603(1), another child living or having custodial visitation in the same household can be within the jurisdiction of the court if the child has been exposed to or at risk of abuse, neglect, or abandonment.  I.C. § 16-1603(2).

magistrate court found was unfit for habitation. The trailer had one bedroom, it did not have running water, and its only heat source was a wood stove.

When the case plan was adopted, Appellant was not working and was living on her son's SSI benefits. The case plan required that she secure and maintain legitimate employment sufficient to meet the needs of herself and her children. The magistrate court found that she had failed to do so.

The court found that Appellant was unwilling to make changes in her behavior and her decision-making processes that would be necessary for her to successfully complete her case plan. It further found that the evidence did not support a reasonable expectation that she would complete the case plan even if she were given more time to do so. The court concluded that Appellant was unable to discharge her parental duties, that such inability will continue for a prolonged and indeterminate period, and that it would be injurious to the health, morals, or well-being of her children. Finally, the court found that it was in the children's best interests to terminate Appellant's parental rights.

The court found that the prosecuting attorney had proved by clear and convincing evidence that termination of the parent-child relationship was in the best interests of the children and that the following conditions, each of which is a statutorily sufficient for termination, existed:

(a) Appellant had neglected her children as defined in Idaho Code sections 16-2005(1)(b); 16-2002(3)(a); and 16-1602(25)(a) because they were without proper parental care and control, or subsistence, medical or other care or control necessary for their well-being because of the conduct or omission of their mother or her neglect or refusal to provide for them;

(b) Appellant had neglected her children as defined in Idaho Code sections 16-2005(1)(b); 16-2002(3)(a); and 16-1602(25)(b) because she was unable to discharge her parental responsibilities, to and for the children and, as a result of such inability, the children lacked the parental care necessary for their health, safety or well-being;

(c) Appellant had neglected her children as defined in Idaho Code sections 16-2005(1)(b), 16-2002(3)(b), and 16-1629(9) by failing to comply with her case plan so that her children could be reunified with her within the required time period; and

(d) Appellant was unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child, as set forth in Idaho Code section 16-2005(1)(d).

On January 27, 2012, the court entered its judgment, from which Appellant timely appealed.

## II.

### Were the Magistrate Court's Findings of Fact Supported
### by Substantial and Competent Evidence?

A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 856, 55 P.3d 304, 310 (2002); I.R.C.P. 52(a). When deciding whether findings of fact are clearly erroneous, this Court does not substitute its view of the facts for that of the trial court. *Camp*, 137 Idaho at 856, 55 P.3d at 310. It is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses. *Id*. On appeal, this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence. *Id*. Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Id*.

In challenging the findings, Appellant focuses upon the magistrate court's findings that she had failed to obtain and maintain safe and stable housing and had failed to secure and maintain legitimate employment sufficient to meet the needs of herself and her children. With respect to the safe and stable housing, Appellant contends that she lived in one apartment for approximately the first year of this case and that her son resided with her for seven consecutive months of that period. Mother testified that she lived in a house in Middleton with her boyfriend, her father and mother, and her sister when the Child Protective Act proceedings commenced in March 2009. She moved out of that house in July 2009 and moved into a low-income housing with the assistance of the Department. She was evicted from that housing in March 2010 for repeated violations of the lease agreement. She testified that she cannot remember where she lived from then until June 16, 2010, when she moved into a shelter. She moved out of the shelter at the end of November 2010 and moved into the trailer in which she was living at the time of trial in December 2010. She stipulated that the trailer was unsafe for

4

children, and the magistrate court found it unfit for habitation, which finding is not contested. The trailer appeared to be located in the midst of a junk yard, had no running water, and had exposed wiring inside.

With respect to securing and maintaining employment, Appellant contends that she collected scrap metal in an attempt to financially provide for herself and her children, applied for low wage work, and ran a business delivering wooden pallets and recycling glass. Appellant testified at trial that she owned a business repairing and making wooden pallets, that she established the business about four to six weeks before trial, and that she has three to four employees. She said the business was profitable, earning her a monthly income of "[p]robably between $300 and $600, $700." The magistrate court found, "The evidence presented at trial that was intended to demonstrate that [Appellant] had a positive source of income was not believable." The court also found that she could not fully and clearly explain her claimed employment and that it "appeared at best to be only partially legitimate." It is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses. *Camp*, 137 Idaho at 856, 55 P.3d at 310.

The court's findings, that Appellant failed to obtain and maintain safe and stable housing and to secure and maintain legitimate employment as required by the case plan, are supported by substantial and competent evidence. The court also found that Appellant had failed to demonstrate adequate parenting and protective skills with her children as required by her case plan, and Appellant does not challenge that finding on appeal. The court did not err in concluding that Appellant had neglected her children by failing to comply with her case plan so that they could be reunited with her.

In order to terminate a parent-child relationship, the court must also find that termination is in the best interests of the child. I.C. § 16-2005(1). The magistrate court found that the children were in need of guidance, care, and support that Appellant had not provided and that it was in the children's best interests for Appellant's parental rights to be terminated. Appellant contends that this finding is not supported by substantial and competent evidence because she "has not neglected her children, has substantially completed her case plan, and is able to discharge her parental duties." As stated above, the findings that she had neglected her children by failing to complete her case plan were supported by substantial and competent evidence. A psychological evaluation admitted into evidence stated that Appellant "is operating at a limited

5

level of cognitive function" and that she has "a lack of reasoning for the needs of children." The report concluded that "[s]he has little prospect or motivation for finding and maintaining gainful employment and a means for caring for her children." The court found that Appellant "is generally unwilling to make the changes in her behavior and her decision-making processes that would be necessary for her to complete her case plan." It also found that Appellant's "defiant and incredulous attitude toward these failures [regarding completing her case plan] also supports the conclusion that she is unable to discharge her parental duties and that such inability will continue for a prolonged and indeterminate period and will be injurious to the health, morals or well-being of her children." Appellant does not challenge these findings on appeal. There is substantial and competent evidence supporting the finding that termination of Appellant's parental rights is in the best interests of her children.

The statutory grounds for terminating parental rights listed in subsections (a) through (e) of Idaho Code section 16-2005(1) are independent. *Roe v. Doe*, 142 Idaho 174, 179, 125 P.3d 530, 535 (2005). Having affirmed the finding of neglect under Idaho Code section 16-2005(1)(b) and 16-2002(3)(b), we need not address the other grounds found by the magistrate court. *Id*.

### III.

### Conclusion.

We affirm the judgment of the magistrate court terminating Appellant's parental rights in her children.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**