IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48218

In the Interest of:  John Doe I, Jane Doe I,     )
Jane Doe II, Jane Doe III, and John             )
Doe II, Children Under Eighteen (18)            )
Years of Age.                                    )
_____         )
STATE OF IDAHO, DEPARTMENT OF                    )
HEALTH AND WELFARE,                              )     Filed:  November 6, 2020
                                                 )
         Petitioner-Respondent,                  )     Melanie Gagnepain, Clerk
                                                 )
v.                                               )     THIS IS AN UNPUBLISHED
                                                 )     OPINION AND SHALL NOT
JANE DOE (2020-30),                              )     BE CITED AS AUTHORITY
                                                 )
         Respondent-Appellant.                   )
_____         )

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Gooding County.  Hon. Casey U. Robinson, Magistrate.

Judgment terminating parental rights, affirmed.

Hilverda McRae, PLLC; Adam J. Ondo, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Jane Doe (Mother) appeals from the magistrate court's judgment terminating her parental rights.  We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2018, Mother had four minor children, and the Idaho Department of Health and Welfare (Department) received a referral concerning the two oldest children who had health care needs which were not being met.  A Department social worker met with these two children at their elementary school, and the oldest child reported they were living in a single-bedroom

1

apartment with multiple adults who used drugs in the children's presence; they lacked food; and they were subjected to physical abuse. The social worker later met with Mother, who explained she had been "kicked out" of her residence and had nowhere to go. Despite receiving a list of housing resources in the community, Mother was unable to obtain housing and again reported she was homeless.

Thereafter, law enforcement declared the four minor children in imminent danger, and the Department filed a petition under the Child Protective Act (CPA), Idaho Code §§ 16-1601-1647, to obtain custody of the children. At an adjudicatory hearing in November 2018, Mother stipulated to the magistrate court's jurisdiction, and the court ordered the children into the Department's custody.

The Department developed and the magistrate court approved a case plan identifying tasks for Mother to perform. These tasks included, among other things, that Mother would "obtain and maintain safe, stable, sanitary, drug-free housing for herself and her children"; "demonstrate the ability to financially provide for the needs of her children"; "complete a mental health assessment and follow all recommendations"; and "ensure all medical, dental, physical, and educational appointments for the children are maintained and will follow all recommendations of the children's providers."

In March 2019, Mother gave birth to a fifth child, John Doe II; the Department moved to add John Doe II to the existing CPA case; and the magistrate court granted the motion. In April, the Department received a referral that Mother was neglecting John Doe II's medical care because he had poor weight gain at his one-week doctor appointment, and Mother had missed the infant's following two doctor appointments. Additionally, Mother had still not found housing and was staying temporarily with a friend. As a result, law enforcement declared John Doe II to be in imminent danger and placed him in shelter care.

On April 17, the magistrate court held a shelter care hearing regarding John Doe II's custody, entered an order concluding it had jurisdiction over John Doe II under the CPA because "he lacks a stable home environment," and ordered that John Doe II remain in shelter care pending an adjudicatory hearing. Six days later, on April 23, the court held an adjudicatory hearing. Mother, however, failed to appear at that hearing. As a result, Mother's counsel stipulated to the court's jurisdiction and to the Department's legal custody of John Doe II, and

the court entered an adjudicatory decree granting the Department temporary custody of John Doe II.

In September, the Department petitioned the magistrate court to terminate Mother's parental rights to all five children, and the court held a termination hearing in June 2020 at which numerous witnesses testified, including the children's foster parents; Mother's case and social workers; and Mother. Following this hearing, the court issued written findings and conclusions. The court found that Mother had neglected the children by failing to provide appropriate care and an adequate home for them; the four oldest children had been in the Department's custody for more than fifteen of the last twenty-two months; Mother had failed to complete her case plan; and the termination of Mother's parental rights is in the best interests of both the children and Mother. Based on these findings, the court reached three alternative rulings concluding that (1)Mother neglected the children by failing to provide for their care, *see* I.C. § 16-2002(3)(a) (defining neglect)[1]; (2) Mother neglected the four oldest children by failing to perform her case plan, *see* I.C. § 16-2002(3)(b) (defining neglect); and (3) the termination of Mother's parental rights was in the best interests of both the Mother and the children.[2] *See* I.C. § 16-2005(3) (providing for termination of parental rights if in best interests of both parent and child). Mother timely appeals.

## II.

### STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible,

---

[1]      Idaho Code Section 16-2002(3)(a) refers to I.C. § 16-1602(31), which defines neglect to include the lack of "proper parental care and control." In the magistrate court's written decision, the court cites I.C. § 16-1602(25). The Idaho Legislature, however, renumbered subsection (25) as I.C. § 16-1602(31) in July 2017. *See* S.L. 2017, ch. 174 § 1 (renumbering section).

[2]      The five children have four different fathers. In addition to terminating Mother's parental rights, the magistrate court also terminated the parental rights of four of the children's fathers, none of whom have appealed. As to the remaining child, the court noted that child's father is deceased.

family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006).

Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). "When deciding whether findings are clearly erroneous, [the appellate] Court does not substitute its view of the facts for that of the trial court. It is the province of the trial court to weigh conflicting evidence and to judge the credibility of the witnesses." *In re Doe*, 152 Idaho 910, 913, 277 P.3d 357, 360 (2012) (citation omitted).

## III.

## ANALYSIS

### A. Substantial and Competent Evidence Supports the Magistrate Court's Finding of Neglect

Mother challenges the sufficiency of evidence supporting the magistrate court's findings that she neglected the children. Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological

relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

On appeal, Mother argues substantial and competent evidence does not support the magistrate court's findings that she did not provide for the children "over the course of the case" and that she had "completed nothing fully on her case plan." In support, Mother asserts she "complete[d] a mental health assessment," completed "some other tasks,"[3] "paid rent at one of the places she had stayed," and worked at McDonald's. Despite these facts, we hold that substantial and competent evidence supports the magistrate court's finding that Mother neglected the children under I.C. § 16-2002(3)(a) by failing to provide proper care for the children's well-being.

This substantial and competent evidence includes, for example, that Mother never established and maintained her own house but rather continued to stay with friends temporarily, attended only 55 of 111 scheduled visits with the children, attended only one of the children's health care appointments and missed 18 others, moved to Florida for three months during the case's pendency without notifying the Department, did not have a driver's license or any reliable

---

[3]  Mother does not identify what these purported tasks were.

5

transportation, provided no proof of stable employment or income,[4] and did not provide financially for the children while they were in the Department's custody.

Because we hold that substantial and competent evidence supports the magistrate court's finding that Mother neglected all five of the children under I.C. § 16-2002(3)(a) by failing to provide proper care for the children's well-being, we need not address the court's alternative rulings including Mother's assertion that the termination of her parental rights was not in her best interests. Regardless, we note that the substantial and competent evidence of Mother's neglect for failure to provide proper care for the children's well-being also supports the court's finding under I.C. § 16-2002(3)(b) that Mother neglected the four oldest children, who remained in the Department's custody for more than fifteen of the last twenty-two months, by failing to perform her case plan.

**B.** **Substantial and Competent Evidence Supports the Magistrate Court's Finding That Termination of Mother's Parental Rights Is in the Children's Best Interests**

Mother also challenges the magistrate court's finding that termination of her parental rights is in the children's best interests. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still

---

[4] Mother provided only limited proof of employment at McDonald's. Specifically, at the termination hearing, Mother provided (1) a work verification form dated January 2019, which stated she began employment at McDonald's in December 2018, and (2) three pay stubs from McDonald's, one dated in February 2019 and two dated in April 2019. This evidence neither established stable employment nor Mother's financial ability to provide for the children's needs. Additionally, Mother's social worker testified at the termination hearing that Mother never provided the Department with these documents before the hearing and that when the social worker called McDonald's in an attempt to locate Mother during the case's pendency, the social worker was informed Mother no longer worked at McDonald's.

be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Mother argues the magistrate court ignored relevant evidence to find that the termination of her parental rights is the children's best interests. Mother identifies this evidence as "testimonial evidence" showing that Mother had been "employed throughout the case plan"; the children did not need to travel for their "educational and health related appointments"; and Mother "had been working her case plan, but had encountered obstacles [hindering] her from completing it."[5] Mother's argument that the court did not consider this evidence essentially requests this Court to reweigh the evidence and substitute its view of the facts for the magistrate court's view. We decline, however, to reweigh the evidence. *See In re Doe*, 152 Idaho at 913, 277 P.3d at 360 (ruling court will not substitute view of facts, weigh conflicting evidence, or judge credibility).

As the magistrate court correctly found, the children need and deserve security, and substantial and competent evidence supports the court's finding that Mother is unable to provide this security. For example, Mother did not prove an ability to financially support the children, did not financially support them while they were in the Department's custody, never established and maintained a suitable home, and otherwise has not improved her situation. *See Doe (2015-03)*, 159 Idaho at 198, 358 P.3d at 83 (identifying factors for determining child's best interests). Further, the evidence showed each of the children had significantly improved while in foster care. For these reasons, we hold that substantial and competent evidence supports the court's finding that termination of Mother's parental rights is in the children's best interests.

## C. Mother's Challenge to the Shelter Care Order Is Moot

In addition to challenging the sufficiency of the evidence supporting the magistrate court's findings, Mother asserts other challenges but only as to the termination of her parental rights to John Doe II.[6] In Mother's issues statement on appeal, she contends the court abused its

---

[5] Mother does not identify what these purported obstacles were.

[6] One of these arguments is that "there is not clear and convincing evidence that Mother could not care for John Doe II or that it was in John Doe's best interests to have his Mother's rights terminated." Mother, however, fails to support this general argument with any explanation as to how John Doe II's care and best interests are different than the other children's. For this reason, we cannot address the argument. *See Idaho Dep't of Health & Welfare v. Doe (2015-10)*,

discretion by adding John Doe II to the existing CPA case and granting the Department temporary custody of John Doe II. In her opening brief, however, Mother's challenge focuses on the court's shelter care order that John Doe II remain in shelter care pending the adjudicatory hearing to determine his custody. Specifically, Mother argues the court abused its discretion by finding in support of the shelter care order that John Doe II "lacks a stable home environment"; the Department made reasonable efforts to eliminate the need for shelter care; the Department's custody was in John Doe II's best interests; and returning John Doe II to Mother's custody was contrary to his welfare.[7] The Department responds that Mother cannot now appeal the court's shelter care order, but rather she should have but failed to appeal the adjudicatory decree granting the Department temporary custody.

We agree with the Department. Rather than challenging the shelter care order on direct appeal after the termination of Mother's parental rights, Mother's recourse for challenging the Department's temporary custody of John Doe II was to appeal the adjudicatory decree. Shelter care provides the magistrate court with the ability to take swift initial action to protect a child. *Idaho Dep't of Health & Welfare v. Doe (2009-21)*, 151 Idaho 300, 305-06, 256 P.3d 708, 713-14 (2011). A shelter care hearing must occur within forty-eight hours of law enforcement taking a child into shelter care. I.C. § 16-1608(2). If the court orders that the child remain in shelter care at the shelter care hearing, then the court must schedule an adjudicatory hearing to be held "as soon as possible, but in no event later than thirty (30) days from the date the petition was filed." I.C. § 16-1615(6).

Following an adjudicatory hearing, a magistrate court shall enter a decree if a preponderance of the evidence shows the child comes within the court's jurisdiction and if the court vests legal custody in the Department. I.C. § 16-1619(4), (6). Such a decree is a final

_____

159 Idaho 664, 670, 365 P.2d 420, 426 (Ct. App. 2015) (ruling court is prevented from addressing merits of argument unsupported by explanation).

[7] Mother's arguments in her opening brief challenging the shelter care order do not conform to Mother's statement of issues on appeal, which do not challenge the shelter care order. Generally, when an appellant's statement of the issues on appeal does not match her arguments--as in this case--we decline to consider the issues. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019) (noting court may decline to consider issues when argument does not conform to issues). Regardless, we address the procedural failure of Mother's challenge.

8

judgment under Rule 54 of the Idaho Rules of Civil Procedure and is subject to an appeal under I.C. § 16-1625(1)(a), which provides an aggrieved party may either appeal an adjudicatory decree to the district court or seek a permissive appeal to the Idaho Supreme Court. *See also* I.A.R. 11.1(b)(2) (providing for expedited appeal of final judgment or order after final judgment in CPA proceeding); I.A.R. 12.1(a)(2) (providing for permissive appeal of final judgment or order entered after final judgment in a CPA proceeding).

Under these authorities, Mother could have challenged the magistrate court's grant of John Doe II's temporary custody to the Department by appealing the adjudicatory decree. Mother, however, neither appealed the adjudicatory decree nor preserved the issue of John Doe II's temporary custody for appeal. Rather, Mother's counsel stipulated to the Department's temporary custody of John Doe II at the adjudicatory hearing when Mother failed to appear for that hearing. As a result, whether the court abused its discretion by ordering John Doe II to remain in the Department's temporary custody is moot. This Court will not consider issues under the mootness doctrine "when the issues presented are no longer live, the parties lack a legally cognizable interest in the outcome, or a judicial determination will have no practical effect upon the outcome." *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 108, 244 P.3d 247, 252 (2010).

In this case, the issue of the Department's temporary custody of John Doe II before the termination of Mother's parental rights is no longer live, and a judicial determination of the shelter care order's propriety will not have any practical effect on the outcome of Mother's appeal. Once Mother stipulated to the CPA's purview and to the placement of John Doe II in the Department's custody at the adjudicatory hearing, the Department was authorized to petition to terminate Mother's parental rights, and the only relevant question on appeal is whether the Department proved the statutory grounds for termination by clear and convincing evidence. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 890, 436 P.3d 1232, 1239 (2019) (concluding Department's reasonable efforts to reunify are irrelevant to question of whether clear and convincing evidence supported termination).

## IV.

## CONCLUSION

We hold that substantial and competent evidence supports the magistrate court's findings that Mother neglected the children under I.C. § 16-2002(3)(a) and that terminating Mother's

9

parental rights is in the children's best interests. Mother's challenge to the Department's temporary custody of John Doe II is moot. Accordingly, we affirm the judgment terminating Mother's parental rights.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.