**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52652**

| | |
|---|---|
| In the Matter of: Jane Doe I and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) ) |
| JANE DOE (2025-05), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: October 2, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Rachel Hamilton, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Amanda E. Findlay, Hayden, for appellant.

Hon. Raúl R. Labrador, Attorney General; Denise L. Rosen, Deputy Attorney General, Coeur d'Alene, for respondent.

_____

TRIBE, Judge

Jane Doe (2025-05) appeals from the judgment terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jane Doe (Doe) is the mother of two children: Jane Doe I and Jane Doe II (collectively, Children). In February 2021, both Children were placed in the care of the Idaho Department of Health and Welfare (Department) after Doe brought the Children to the emergency room (ER), acted erratically, and claimed the Children had "worms that [were] crawling out of their eyes and skin." The physicians at the ER believed the Children would not be safe with Doe and contacted

1

law enforcement and advised Doe was under the influence of methamphetamine. After arriving, officers found used needles and methamphetamine on Doe.

In February 2021, the magistrate court conducted a shelter care hearing and granted the Department legal custody of the Children. In April 2021, the magistrate court approved and adopted a case plan with the primary goal of reunification. This case plan remained largely unchanged throughout the duration of this case. To achieve reunification, the plan required, among other things, Doe to: (1) obtain and maintain stable housing for the Children; (2) allow the Department to assess her home during both scheduled and unscheduled home visits; (3) notify the Department of any housing change; (4) participate in drug testing; (5) obtain employment and/or access resources available to meet the financial needs of the Children; (6) demonstrate that alcohol/substance use is not creating an immediate threat to the Children's safety; and (7) refrain from criminal activity.

Since the case plan was implemented, Doe struggled to maintain stable housing for a minimum of six months. As of the end of 2024, Doe still had not maintained stable housing for a consistent period. Doe also failed to maintain stable employment. As to her criminal activity and substance use, on the day the Children were removed from her care, Doe was charged with felony possession of a controlled substance. Subsequently, Doe was convicted of the charge, and she was accepted into drug court. Due in part to failing to attend treatment, Doe was terminated from the drug court program in July 2021.

In May 2022, Doe was arrested on an outstanding warrant for a probation violation. In August 2022, Doe was sentenced to a period of incarceration with the court retaining jurisdiction. After her release from incarceration, Doe engaged in substance abuse and mental health treatment. Due to health reasons, Doe did not complete treatment. In 2024, Doe successfully completed a thirty-day detox treatment in an out-of-state treatment center and then completed another two months of outpatient treatment at the same treatment center. Doe disclosed to the case/permanency worker at the Department that she was struggling with finding housing, maintaining employment, managing her treatment, and meeting the requirements of the case plan.

In July 2024, the Department filed a petition for termination of Doe's parental rights. In January 2025, after the termination trial, the magistrate court issued its written findings of fact and conclusions of law, finding by clear and convincing evidence that Doe neglected her Children and

2

is unable to discharge her parental duties and that termination is in the best interests of the Children. Notably, prior to the termination of Doe's parental rights, the Children were in the custody of the Department for approximately four years. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe*

*v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

**III.**

**ANALYSIS**

Doe argues that the magistrate court lacked substantial and competent evidence to find that she neglected her Children. Further, Doe argues that termination of her parental rights is not in the best interests of the Children. The Department counters that the magistrate court's findings are supported by substantial and competent evidence.

**A.     Neglect**

Doe challenges the sufficiency of the evidence supporting the magistrate court's findings that she neglected the Children. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

On appeal, Doe argues that there was not substantial and competent evidence to support the magistrate court's finding of neglect because the Department's only witness gave conflicting testimony at the termination trial. Based on the Department's witness's testimony and the

4

supporting record, the magistrate court found that Doe demonstrated some progress between March 2023 (two years after the initiation of the child protection action and establishment of the case plan) and December 2023. However, Doe ultimately failed to complete her case plan, primarily due to ongoing controlled substance use and her inability to maintain stable housing and employment. This failure occurred despite the Department's decision to withdraw its initial petition for termination of Doe's parental rights, thereby affording her additional time and an opportunity to demonstrate that she could provide a stable environment for her Children and meet the requirements outlined in the case plan. While Doe made some efforts to address her substance addiction, such as: participating in supervised visitation, completing a thirty-day detox program, and attending two months of outpatient treatment--these efforts were undermined by a relapse in March 2024 and an overall inability to sustain meaningful behavioral change.

Here, Doe's argument is simply an invitation for this Court to enter the province of the magistrate court and reweigh the evidence. The magistrate court's province is to weigh conflicting evidence and to judge the witnesses' credibility. *See In re Doe (2011-24)*, 152 Idaho 910, 913, 277 P.3d 357, 360 (2012) (ruling court will not substitute view of facts, weigh conflicting evidence, or judge credibility). In determining whether factual findings are clearly erroneous, this Court does not substitute its view of the facts for the magistrate court's view. *See id.* Rather, this Court reviews the record to determine if substantial and competent evidence supports the factual findings. *Id.* Doe presents no legal support or relevant authority for her argument that conflicting testimony is sufficient to show an error below. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Regardless, a review of the record demonstrates that substantial and competent evidence supports the magistrate court's termination of Doe's parental rights due to neglect. The court has authority to terminate parental rights when it finds "[t]he parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child." I.C. § 16-2005(1)(d).[1] Some factors

---

[1]     Since the filing of the petition, I.C. § 16-2005 has been amended. The relevant substance has remained unchanged; however, this subsection is now I.C. § 16-2005(1)(a)(iv). *See* 2025 Idaho Sess. Laws, ch. 130 at 679.

frequently considered under this analysis are: (1) the parent's ability to change his or her conduct to assume parental responsibility; (2) the parent's ability to meet the child's needs; and (3) the parent's ability to provide stability and certainty. *Idaho Dep't of Health & Welfare v. Doe (2017-21)*, 163 Idaho 83, 89, 408 P.3d 81, 87 (2017).

At the time of the termination trial, Doe failed to complete mental health treatment. Doe's failure to address this issue suggests an ongoing risk to the Children's well-being and an inability to make necessary changes to support safe parenting. Doe had also not yet secured appropriate housing for herself and the Children but, rather, she was living with an unidentified roommate. This lack of stable, suitable housing indicates that Doe could not provide a secure or stable living environment. She had also failed to maintain employment and to financially provide for the Children. Together, these indicate Doe's continued inability to develop and apply the parenting skills and behaviors necessary to ensure her Children's safety and well-being which established a pattern of neglect. Substantial and competent evidence supports the magistrate court's conclusion that Doe failed to provide for the Children's well-being and to complete the case plan. Accordingly, we hold the magistrate court did not err by concluding Doe neglected the Children.

**B.     Best Interests of the Children**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012). The trial court can also consider the likelihood of reunification or the parent's ability to change his or her conduct to assume parental responsibilities in determining the best interests of a child. *See State v. Doe (2019-*

*32)*, 166 Idaho 173, 179, 457 P.3d 154, 160 (2020); *Idaho Dep't of Health and Welfare v. Doe (2016-11)*, 160 Idaho 824, 833, 379 P.3d 1094, 1103 (2016).

Doe argues that substantial and competent evidence does not support the magistrate court's finding that termination of her parental rights is in the best interests of the Children. In support of this challenge, Doe argues the magistrate court failed to consider all the evidence. Specifically, Doe contends that, as supported by the Department's witness's testimony, she made significant efforts toward most of the factors that are considered for best interests of the Children.

This argument essentially requests this Court to reweigh the evidence and substitute its view of the facts for the magistrate court's view. As set forth above, we will not set aside the magistrate court's factual findings on appeal unless they are clearly erroneous. *See Doe (2011-24)*, 152 Idaho at 913, 277 P.3d at 360 (ruling that court will not substitute view of facts, weigh conflicting evidence, or judge credibility). The magistrate court's province is to weigh conflicting evidence and to judge the witnesses' credibility. *See id.* In determining whether factual findings are clearly erroneous, this Court does not substitute its view of the facts for the magistrate court's view. *See id.* Rather, this Court reviews the record to determine if substantial and competent evidence supports the factual findings. *Id.* Accordingly, we decline to reweigh the evidence in this case. Therefore, we hold the magistrate court did not err by concluding that terminating Doe's parental rights is in the Children's best interests.

## IV.
## CONCLUSION

The magistrate court's findings that Doe neglected the Children and that termination is in the best interests of the Children are supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

7