**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49638**

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) **Filed: July 7, 2022** |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFRE, | ) ) **Melanie Gagnepain, Clerk** ) |
| Petitioner-Respondent, | ) **THIS IS AN UNPUBLISHED** ) **OPINION AND SHALL NOT** ) **BE CITED AS AUTHORITY** |
| v. | ) ) |
| JANE DOE (2022-11), | ) ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Ellsworth, Kallas & Defranco, P.L.L.C.; Joseph L. Ellsworth, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica L. Partridge, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Jane Doe (2022-11) appeals from the judgment terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of the minor child in this action who was born in 2019. The child was placed into foster care following Doe's arrest for possession of a controlled substance. Temporary custody of the child was awarded to the Idaho Department of Health and Welfare. The magistrate court approved a case plan for Doe and conducted several review hearings while the child was in the Department's custody. Ultimately, the Department filed a petition to terminate Doe's parental

1

rights. The magistrate court terminated Doe's parental rights after concluding that clear and convincing evidence showed that she neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe asserts the magistrate court erred in concluding that she neglected the child and that termination is in the child's best interests.[2] The Department responds that Doe has failed to show

---

[1]    The magistrate court also terminated the parental rights of the child's father. The decision to terminate his parental rights is not at issue in this appeal.

[2]    Doe also asserts that the Department and magistrate court "did not allow her sufficient time to engage in recovery to bond with her child and successfully reintegrate into the community" prior to the Department filing a petition to terminate her parental rights. Doe, however, provides no supporting authority and, thus, forfeits this argument. *See Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Even if preserved, her argument would fail as a matter of law. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019) (noting that "inquiry into the Department's efforts at reunification is irrelevant to the termination of parental rights").

2

error in either conclusion. We affirm and hold that the magistrate court's termination decision is supported by substantial and competent evidence.

## A.    Statutory Ground for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Neglect may be established under any of the several statutory definitions of neglect. *See* I.C. § 16-2002(3) (incorporating the definitions of the term "neglected" in I.C. § 16-1602(31)). The magistrate court concluded, by clear and convincing evidence, that the Department established two different statutory grounds for neglect: (1) neglect by conduct or omission of the parent, I.C. § 16-1602(31)(a), and (2) neglect by failure of the parent to complete a case plan, I.C. § 16-2002(3)(b).

We first address neglect by conduct or omission. Idaho Code Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parent, guardian, or other custodian or their neglect or refusal to provide them. The magistrate court found that: (1) Doe "has mental health diagnoses of schizophrenia, Bipolar Disorder, anxiety, depression, night terrors and Post Traumatic Stress Disorder" that were a "contributing factor" to her "on-going addiction to methamphetamine"; (2) Doe's "drug use resulted in her incarceration for the first twelve (12) months" after the child came into the Department's custody; (3) Doe relapsed the day she was released from incarceration

3

and "continued to use [methamphetamine] until her re-incarceration on a [p]arole violation"; (4) Doe's "addiction contributed to her decision to continue living [at a certain residence]--against advice of her social worker and [p]arole [o]fficer--where she allowed a succession of active drug users to visit or reside"; (5) the house in which Doe resided "was not safe for" the child; and (6) Doe "has not been able to stabilize her mental health and substance abuse concerns during the past eighteen months and there is no indication that her circumstances will change in the future." On appeal, Doe has not challenged these findings and, thus, we will not presume they are erroneous. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). These findings provide substantial and competent evidence for the magistrate court's conclusion that Doe neglected the child under I.C. § 16-1602(31)(a).

Doe argues that the magistrate court erred because she "was employed, owned her own home, was engaged in services, and was visiting her child on a regular basis." Doe also asserts that "she was never given a fair opportunity to fully engage in services."[3] This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65 (noting review is whether substantial and competent evidence supports decision). This Court will not reweigh the evidence. *Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 407, 397 P.3d 1159, 1166 (Ct. App. 2017). As such, Doe has failed to show that the magistrate court erred in finding neglect under I.C. § 16-1602(31)(a). Because each statutory ground of neglect is an independent basis for

---

[3]  We note that, while Doe cites to the record in her statement of the case, there are no citations to the record in the argument section of her brief. This does not comply with I.A.R. 35(a). Citations to the record are not required in the statement of the case, I.A.R. 35(a)(3), but are required in the argument section of the brief, I.A.R. 35(a)(6). Although many of the facts posited in Doe's argument section are similar to facts in her statement of the case, this is not true of all the facts asserted in the argument section of her brief. Thus, even if we considered the citations in Doe's statement of the case, some of her factual assertions in her argument section lack supporting citations to the record. This Court will not search the record on appeal for error. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010). Nevertheless, due to the constitutional and fundamental nature of Doe's parental rights, as well as the interests of the child, we will address the substantive issues regarding termination of Doe's parental rights to the extent she references specific facts in her argument section.

termination, we need not address Doe's arguments regarding neglect by failure of a parent to complete a case plan. *See Roe v. Doe*, 142 Idaho 174, 179, 125 P.3d 530, 535 (2005).[4]

**B.      Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A determination that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court determined that termination is in the child's best interests for several reasons. First, the magistrate court found that Doe "loved [her child] deeply" and has "shown the ability--during limited visits--to parent [her] child in an affectionate and appropriate manner" but that Doe "cannot overcome [her] demons of mental health struggles and addiction." Second, the magistrate court found that Doe "was forced to be sober" for approximately one year and that her "response to this enforced sobriety was to relapse the day of her release from prison." The magistrate court noted that, "despite spotty attendance at substance abuse treatment, [Doe] continued to succumb to her addiction to methamphetamine" from when she was released "until

---

[4]      We note that the Department did not plead I.C. § 16-2002(3)(b) in its petition to terminate or allege facts necessary to claim neglect by failure of a parent to complete a case plan. A parent's due process right to adequate notice is violated if a petition fails to provide a factual basis for a statutory ground for termination and a magistrate court grants termination on that statutory ground. *Doe v. Doe (2020-49)*, 169 Idaho 170, 178-80, 492 P.3d 1129, 1137-39 (2021). Because the magistrate court concluded that I.C. § 16-2002(3)(b) provided a statutory ground for termination for which Doe had no notice, she did not receive due process as to that basis for termination. This error, however, does not affect the magistrate court's conclusion that Doe neglected the child by conduct or omission under I.C § 16-1602(31)(a) and, consequently, we affirm on that basis.

her re-arrest and incarceration" about six months later. According to the magistrate court, Doe's addiction prevented her "from providing a safe, stable home environment" for the child and there was "little indication" that Doe would "achieve long-term sobriety any time soon." Third, the magistrate court found that Doe "provide[d] what her [p]arole [o]fficer described as a 'flop house' for transients and active drug users." Fourth, the child had spent over half of his life in a foster home, which had been "preselected by [the Department] to be his adoptive family in the event termination of parental rights occur[ed]." Finally, the magistrate court found that it is in the child's "best interest to have certainty, stability and permanency" and that Doe has "not shown the ability over the past eighteen (18) months--due to [her] ongoing struggles with mental health and substance abuse concerns--to provide this necessary foundation."

On appeal, Doe does not challenge any of the above factual findings and, thus, we will not presume error in these findings. *See Doe*, 164 Idaho at 892, 436 P.3d at 1241. These findings provide substantial and competent evidence for the magistrate court's conclusion that termination of Doe's parental rights is in the child's best interests.

Doe asserts the magistrate court did "not take into account the substantial progress she made"--specifically, that she "completed a [r]ider, obtained housing, engaged in and attended treatment, obtained medication management and visited with her child." Doe also asserts that the magistrate court "did not fully recognize or evaluate the fundamental importance of the [child's] need to maintain a relationship with his mother." These arguments, however, ask this Court to reweigh the evidence, which we will not do when there is substantial and competent evidence supporting the magistrate court's conclusion. *See Doe (2017-5)*, 162 Idaho at 407, 397 P.3d at 1166. Consequently, Doe has failed to show that the magistrate court erred in holding that termination is in the child's best interests.

## IV.

## CONCLUSION

The magistrate court's conclusions that Doe neglected the child and that termination is in the child's best interests are supported by substantial and competent evidence. Doe has failed to show error in the magistrate court's decision to terminate her parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

6