IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 49988

| In the Matter of Jane Doe I and John Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) | Filed: November 30, 2022 |
|---|---|---|
| | ) | Melanie Gagnepain, Clerk |
| STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE, | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Petitioner-Respondent, | ) ) | |
| v. | ) ) | |
| JOHN DOE (2022-34), | ) ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin D. Harmer, Magistrate.

Judgment terminating parental rights, affirmed.

Marilyn B. Paul, Twin Falls County Public Defender; Heidi J. Despain, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

John Doe (2022-34) appeals from the judgment terminating his parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

John Doe is the father of the children in this action; the children were born in 2019 and 2021. The older child was declared in imminent danger by an officer and removed from the "squalid and dangerous conditions" of Doe's residence. After an adjudicatory hearing, the magistrate court awarded custody of the child to the Idaho Department of Health and Welfare and

1

approved case plans for Doe and the child's mother. While Doe was working his case plan, the younger child was born. Despite having significant medical needs due to a premature birth, the younger child was allowed to remain in the care of Doe and the children's mother under a "safety plan" developed with the Department. However, when Doe and the children's mother failed to comply with the safety plan, the younger child was removed from their care. Following an adjudicatory hearing, the magistrate court awarded the Department custody of the younger child and approved case plans concerning the child for Doe and the mother.

Due to Doe and the mother's lack of progress on their case plans, the Department eventually filed a petition to terminate their parental rights. Following a termination trial at which Doe failed to personally appear[1] despite having notice of the trial, the magistrate court terminated his parental rights after finding by clear and convincing evidence that Doe neglected the children and that termination is in the children's best interests.[2] Doe appealed.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably

---

[1]     Doe was represented by counsel at trial.

[2]     Prior to the termination trial, the children's mother appeared before the magistrate court and signed a "Waiver of Notice of Hearing." In addition to waiving further notice of or participation in proceedings during the underlying child protection action, the children's mother acknowledged to her case worker and "through her attorney that she felt that termination was in the children's best interest." Ultimately, the magistrate court terminated the mother's parental rights. That decision is not at issue in this appeal.

certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

III.

ANALYSIS

Doe asserts that the magistrate court erred in finding he neglected the children and that termination is in their best interests. The State responds that clear and convincing evidence supports both findings. Because the magistrate court's findings are supported by substantial and competent evidence, we affirm the termination of Doe's parental rights.

**A.      Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Doe's parental rights because he neglected the children. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the

3

Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found, by clear and convincing evidence, that Doe neglected the children by "failing to provide proper parental care and control, or subsistence, medical or other care or control necessary for their well-being."[3] In support of this finding, the magistrate court noted that, despite provision of "every resource and opportunity necessary to allow [Doe] to learn and show [he] will not be neglectful in the future," Doe has "shown an inability to provide or disinterest in providing necessary medical care for the children." Additionally, the magistrate court observed that Doe has not had "stable, safe housing for years"; was "unwilling to address [his] own mental health needs"; and continued to "commit crimes" throughout the underlying child protection action, causing "repeated incarceration stints." Furthermore, Doe's inconsistent in-person visitation left him without a proper bond with the younger child and stressed the older child to the point of triggering seizures, resulting in visitation eventually being conducted remotely at the recommendation of the child's primary care physician.

There is substantial, competent evidence in the record to support the magistrate court's neglect finding. A Department social worker who monitored Doe's progress during the underlying child protection action testified that the older child was initially removed from Doe's care due to the unsanitary condition of his residence. According to the social worker, the residence was moldy, had a collapsing ceiling, and "smelled extremely strongly of pet urine." The younger child was

---

[3] The magistrate court also found that Doe neglected the older child by failing to comply with his case plan and reunify with the child before she had been in the Department's custody for fifteen of the previous twenty-two months. Doe does not challenge this finding on appeal. Each statutory definition of neglect is an independent basis for termination. *Idaho Dep't of Health & Welfare v. Doe*, 151 Idaho 498, 507, 260 P.3d 1169, 1178 (2011). If any one or more of the grounds for termination are found, termination may be granted. *Doe v. State Dep't of Health & Welfare*, 123 Idaho 502, 504, 849 P.2d 963, 965 (Ct. App. 1993). It is well established that where the judgment of the lower court is based upon alternative grounds, the fact that one of the grounds may have been in error is of no consequence and may be disregarded if the judgment can be sustained upon one of those other grounds. *Id.* Accordingly, we need not address Doe's arguments regarding the magistrate court's finding that he neglected the older child by failing to provide proper parental care. *See Roe v. Doe*, 142 Idaho 174, 179, 125 P.3d 530, 535 (2005). Nevertheless, the magistrate court did not err in making that finding.

removed from Doe's care because Doe failed to comply with a safety plan designed to ensure the child's medical needs were met. Specifically, the social worker testified that Doe failed to attend medical appointments for the child, ensure the child received supporting oxygen during feedings, or supply the "medical equipment, formula, and everything needed for the child" to the child's foster parents. The social worker further testified to Doe's failure to complete various case plan tasks. For example, the social worker testified that Doe failed to obtain "clean, safe, stable, and drug free" housing throughout the underlying child protection action; obtain pre-approval for all individuals in his home; demonstrate the ability to provide for the children financially; obtain a mental health assessment; abide by the terms of his probation imposed in an unrelated criminal case; and participate in services for the younger child provided by the infant and toddler program. A parent's failure to complete a case plan can support a finding of neglect by failure to provide proper parental care. *See Idaho Dep't of Health & Welfare v. Doe (2011-02)*, 151 Idaho 356, 364, 256 P.3d 764, 772 (2011).

Doe argues that the magistrate court erred in its neglect finding because he made "efforts toward" completing his case plan and reunifying with the children. Doe notes that, when he did comply with his drug-testing requirement, "he provided negative samples" and that, during the two months preceding the termination trial, he "maintained housing and employment." Additionally, Doe asserts that his participation in remote visitation demonstrates his willingness to "place the needs of his children above his own desires to spend more time with them and to hold them." Although Doe does not indicate precisely how the above assertions show that the magistrate court erred, his ostensible argument appears to be that the magistrate court improperly weighed or disregarded this favorable evidence. It is well established that appellate courts in Idaho do not reweigh evidence. *See Doe*, 144 Idaho at 842, 172 P.3d at 1117. Moreover, despite acknowledging that the urine samples Doe provided did not "test positive for a prohibited substance," the magistrate court further noted that Doe also missed "numerous tests," which he knew the Department would consider equivalent to a positive test. The magistrate court also recognized Doe's consistent participation in remote visitation, which was unlike his inconsistent, in-person visitation for which he was frequently tardy or left early. The remote visits, however, were often only minutes in length due to the older child's limited attention span. Doe has failed to show the magistrate court erred in finding that he neglected the children.

5

**B.      Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that both children require physical and occupational therapy to address their significant medical needs. The older child has been diagnosed with epilepsy and "an unspecified neurological disorder." The child also wears noise-canceling headphones because of sensory hypersensitivity. Although currently undiagnosed, the younger child shows "many of the same early symptoms of epilepsy and sensory disorder" the older child exhibited. Additionally, both children suffer digestive issues that require medication. The magistrate court determined that Doe is unable to provide the level of care the children require as he "has no housing, no knowledge of how to provide necessary medical care for his kids, no bond with [the younger child], and has not been able to get out of legal trouble." Indeed, the magistrate court observed that Doe's probation officer had to help Doe "get his life in order," because Doe could not. Consistent with the above findings, the magistrate court observed that the children "would have remained in a dangerous, unstable, and dysfunctional home" if not for "intervention and care" by the Department. Since coming into foster care, both children have improved after receiving all their required medical care in a "consistent, structured home environment."

Without specifying precisely how, Doe asserts that the magistrate court erred by finding that termination is in the children's best interests. In support of this conclusory assertion of error, Doe contends that he maintained consistent contact with the older child remotely; demonstrated

6

the ability to "provide financially for the children" by maintaining employment; remained compliant with his probation for about three months prior to the termination proceeding; and can provide suitable, stable housing for the children. In light of these contentions, Doe's ostensible argument, similar to his challenge to the statutory basis for termination, seems to be that the magistrate court did not properly weigh this favorable evidence. As previously stated, this Court will not reweigh evidence. *See Doe*, 144 Idaho at 842, 172 P.3d at 1117. Moreover, the magistrate court noted that, despite consistent attendance at remote visitation and steady employment when not incarcerated, Doe failed to develop a proper bond with either child or financially support them beyond purchasing the older child a Christmas present in 2021. Doe has not shown error in the magistrate court's finding that termination is in the children's best interests.

## IV.

## CONCLUSION

Substantial, competent evidence supports the magistrate court's findings that Doe neglected the children and that terminating his parental rights is in their best interests. Consequently, Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.