# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51960

| | | |
|---|---|---|
| In the Matter of: John Doe I and Jane Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: November 18, 2024 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2024-27), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Victoria Olds, Magistrate Judge.

Judgment terminating parental rights, <u>affirmed</u>.

Brennan A. Wright, Nez Perce County Conflict Public Defender, Grangeville, for appellant.

Hon. Raúl R. Labrador, Attorney General; Briana Allen, Deputy Attorney General, Lewiston, for respondent.

_____

HUSKEY, Judge

John Doe appeals from the magistrate court's judgment terminating his parental rights to his children, John Doe I and Jane Doe I (Children).[1] Doe argues the magistrate court erred in finding that he neglected Children, he was unable to discharge his parental responsibilities, and it is in Children's best interests to terminate his parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

---

[1] Children's biological mother's rights were also terminated. She appealed from the judgment terminating her parental rights in Docket No. 51961.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

John Doe is the biological father of Children. The case began when Children's mother and Children were walking along the side of a busy road with no sidewalk. When contacted by law enforcement officers, Mother explained she was seeking refuge with Children at the local shelter following a domestic violence incident with Doe. The Department of Health and Welfare (Department) filed a petition pursuant to the Idaho Child Protection Act to shelter Children. Following a hearing, Children remained in shelter care. A case plan was submitted by the Department and adopted by the magistrate court. Periodic review hearings occurred and, ultimately, the Department filed a petition to terminate Doe's parental rights. After a hearing, the magistrate court determined that Doe neglected Children because his conduct or omissions deprived Children of proper parental care and control and because Doe was unable to discharge his parental responsibilities, had failed to do so for a long time, and would be unable to do so in the future. The magistrate court determined it is in the best interests of Children to terminate Doe's parental rights. Doe appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## ANALYSIS

Doe argues the magistrate court erred in finding that: (1) he neglected Children by his conduct or omissions and because he is unable to discharge his parental responsibilities; (2) he was unable to discharge his parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child; (3) it was impossible for him to complete the case plan; and (4) it is in the best interests of Children to terminate his parental rights. The Department argues the evidentiary burden was satisfied as to each argument.

**A.      Grounds for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Upon

finding a statutory ground for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

In this case, the magistrate court found alternate statutory bases for which Doe's parental rights could be terminated. First, the magistrate court found that Doe neglected Children by failing to exercise proper parental care and control and second, that Doe was unable to discharge parental responsibilities.

### 1. Neglect

Doe argues the magistrate court erred in finding he neglected Children. The Department argues the finding of neglect is supported by substantial and competent evidence. Pursuant to I.C. § 16-2005(1)(b), neglect is a statutory ground for terminating parental rights. Idaho Code § 16-2002(3)(a), in part, defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Section 16-1602(31)(b) provides a child is neglected when its parents are "unable to discharge their responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety, or well-being." Regarding proper parental care and control, the magistrate court considered various factors, including: (1) Doe's unhealthy relationship with Mother; (2) his child protection history; (3) illegal substance abuse; (4) his pending felony charges; (5) domestic violence against Mother; (6) failure to complete his case plan; and (7) failure to meet Children's basic needs. Doe argues the magistrate court's consideration of the above factors was error, but he provides no legal support for his claims. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018).

The magistrate court noted that the primary safety concerns in this case, as with the prior CPA cases, are illegal substance use, domestic violence, and emotional volatility. Any facts that are relevant to whether a statutory basis upon which to terminate parental rights exists, are properly analyzed by the magistrate court. Thus, nothing precludes a court from looking at various facts to assess whether a child has been neglected.

4

To the extent Doe argues his unhealthy relationship with Mother has not harmed Children, we disagree. The record is replete with examples of Doe's unhealthy and controlling relationship with Mother, including instances of domestic violence. The caseworker testified that Doe is violent and dangerous. Exposing Children to this behavior is evidence of lack of proper parental care and control. The definition of neglect does not require the child suffer demonstrable harm before a finding of neglect can be made. *In re Doe*, 143 Idaho at 347, 144 P.3d at 601.

As to the prior child protection cases, Doe cites no authority that it was improper for the district court to consider evidence that despite previous interventions, Doe's parenting had not improved, and he continued to display the same behaviors that put Children at risk in this case. The history of a family can be considered as evidence of neglect. *Doe*, 144 Idaho at 843, 172 P.3d at 1118. The magistrate court found that since 2012, the family has been the subject of twenty-two safety referral reports, of which thirteen were investigated, resulting in substantiated investigations of neglect by Doe in 2015 and in this case.

Doe's behavior in the 2015 case was nearly identical to the circumstances of this case, blaming the situation on Mother, talking over Mother, cutting her off during conversation, and making belittling remarks about Mother. The magistrate court could also properly consider Doe's untreated addiction to illegal substances. A drug problem that interferes with parenting supports a determination of neglect. *Int. of Doe I*, 166 Idaho 173, 177, 457 P.3d 154, 158 (2020). Doe admitted he was not sober when Children were taken into care and a Department worker testified that Doe cannot safely provide care to his children when he is under the influence of controlled substances. A court may also consider a parent's involvement in criminal activity and the charges against them, as evidence of neglect. *In re Doe*, 142 Idaho 174, 179, 125 P.3d 530 535 (2005). While the CPA case was pending, Doe was charged with crimes of felony rape of a child in the first degree. The victim is Mother's oldest daughter, who had previously been removed from Doe and Mother's care.

In addressing the statutory bases of neglect, the magistrate court analyzed the case plan tasks that were directly related to and address the same safety threats that applied to the other statutory bases for terminating Doe's parental rights: neglect by conduct or omission and by failing to discharge his parental responsibilities. The magistrate court found that although Doe completed some case plan tasks during the CPA case, he failed to address the tasks that related to the safety concerns that brought Children into custody. For example, prior to Doe's incarceration, he failed

5

to comply with several requirements of the case plan, including failing to engage in domestic violence classes, failing to follow through with his substance abuse treatment recommendations, failing to complete any UA's, shaving his head so that a hair follicle sample could not be obtained for testing, and failing to provide the Department with a relapse prevention plan.

Doe acknowledges that he did not complete his case plan but claims this was because he was incarcerated for the four months preceding the termination trial, and thus, completing the case plan was impossible. In support, Doe cites *Idaho Dept of Health & Welfare v. Jane Doe (In re John Doe)*, 161 Idaho 596, 389 P.3d 141 (2016). An impossibility defense precludes a finding of neglect pursuant to I.C. § 16-2002(3)(b), which defines neglect, in part as:

> (b) The parent(s) has failed to comply with the court's orders or the case plan in a child protective act case and:
>> (i) The department has had temporary or legal custody of the child for fifteen (15) of the most recent twenty-two (22) months; and
>> (ii) Reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the department.

The impossibility defense only applies to allegations of neglect pursuant to I.C. § 16-2002(3)(b). *See Doe*, 161 Idaho at 600, 389 P.3d at 145 (holding impossibility may be asserted as defense to claim of neglect founded upon failure to comply with requirements of case plan). In this case, the Department did not allege, and the magistrate court did not find, that Doe neglected his children pursuant to I.C. § 16-2002(3)(b), so the magistrate court did not err in concluding the impossibility defense did not apply.

Consequently, the magistrate court did not err in considering the above factors or in finding that Doe neglected Children.

### 2. Discharge of parental responsibilities

To the extent the magistrate court found Doe failed to discharge parental responsibilities and would be unable to do so for a prolonged period of time,[2] pursuant to Idaho Code § 16-

---

[2] The Department petitioned to terminate Doe's parental rights on two different bases: pursuant to Idaho Code § 16-2005(1)(b) and pursuant to I.C. § 16-2005(1)(d). It is not entirely clear whether the magistrate court found the inability to discharge parental responsibilities as an alternate basis of neglect, pursuant to I.C. § 16-2005(1)(b), or whether it was based on I.C. § 16-2005(1)(d). To the extent the magistrate court addressed it as an alternate basis of neglect pursuant to I.C. § 16-1602(31)(b), for the same reasons there is substantial and competent evidence to

2005(1)(d), substantial and competent evidence supports this finding. Idaho Code § 16-2005(1)(d) provides an independent basis for terminating parental rights: "The parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child." Doe claims the magistrate court erred in concluding he was unable to discharge his parental responsibilities because Doe: (1) failed to work on reunification; (2) failed to meet Children's basic needs; and (3) obtained new felony charges. Doe provides no authority that the magistrate court could not consider those facts. Doe's arguments regarding his failure to discharge parental responsibilities fail for the same reasons that his argument regarding neglect by conduct and omission fails. The same reasons and factual support for the magistrate court's finding of neglect by conduct or omission also support the magistrate court's finding that Doe was unable to discharge his parental responsibilities for a prolonged period of time pursuant to I.C. § 16-2005(1)(d). Consequently, the magistrate court did not err in finding Doe was unable to discharge his parental responsibilities to Children.

**B.     Best Interests of the Children**

Once statutory grounds for termination have been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that terminating Doe's parental rights is in the best interests of Children because Doe had ongoing law enforcement contacts and criminal charges, failed to provide any financial support, and his situation had deteriorated which the magistrate court found

---

support a finding of neglect under I.C. § 16-1602(31)(a), there is substantial and competent evidence to support a finding of neglect pursuant to I.C. § 16-1602(31)(b).

unsurprising given his untreated substance abuse and unstable relationship with Mother. The magistrate court concluded Doe had learned nothing from any of the prior CPA cases and refused to take any responsibility for the neglect he imposed upon Children. Doe could not or did not provide for Children's most basic educational needs. Children's attendance at school was poor and they were significantly underperforming academically: at age eight, John Doe I did not know all the letters of the alphabet and, at age six, Jane Doe I cannot recognize letters or know their sounds.

Doe argues there is no indication that the improvements Children made were due to the foster case placement as opposed to just getting older. We disagree. The Children have made significant progress in foster case. The foster care placement was the same placement Children had in a prior CPA case. The foster parent in this case is highly educated and has specialized training in interacting with trauma-exposed children. The foster parent testified that Children were feral when they first came to her when John Doe I was three and Jane Doe I was two. When the children were returned to their parents' care, both had established routines and could regulate their behavior. The foster parent testified that when the children returned to her care, at the ages of eight and six, Children had regressed and were again "kind of feral" and were behind academically and physically for their ages. Children's behavior has improved dramatically, not because they have gotten older, but because they are in a safe and stable home with a caregiver who is able to address their needs. The magistrate court did not err in concluding that it is in the best interests of Children to terminate Doe's parental rights.

## IV.
## CONCLUSION

Substantial and competent evidence supports the magistrate court's conclusions that Doe neglected Children, was unable to discharge parental responsibilities, and that termination of Doe's parental rights is in the best interests of Children. The judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge TRIBE **CONCUR**.

8