**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51961**

| | | |
|---|---|---|
| In the Matter of: John Doe I, Jane Doe I, and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: November 18, 2024 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JANE DOE (2024-28), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Victoria Olds, Magistrate Judge.

Judgment terminating parental rights, <u>affirmed</u>.

Ayla C. Krueger, Fuhs Law Office, PLLC, Lewiston, for appellant.

Hon. Raúl R. Labrador, Attorney General; Briana Allen, Deputy Attorney General, Lewiston, for respondent.

_____

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights to her children, John Doe I, Jane Doe I and Jane Doe II (Children).[1] Doe argues the magistrate court erred in finding she neglected Children by her conduct or omissions, was unable to discharge her parental responsibilities, and that it is in the Children's best interests to terminate Doe's parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

---

[1] Children's biological father's rights were also terminated to John Doe I and Jane Doe I. He appealed from the judgment terminating her parental rights in Docket No. 51960. The parental rights of the father of Jane Doe II are not at issue in this case.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological parent of Children. This case began when Doe and Children were walking along the side of a busy road with no sidewalk. When contacted by law enforcement officers, Doe explained she was seeking refuge with Children at the local shelter following a domestic violence incident with John Doe. The Department of Health and Welfare (Department) filed a petition pursuant to the Idaho Child Protection Act to shelter Children. Following a hearing, Children remained in shelter care. A case plan was submitted by the Department and adopted by the magistrate court. Periodic review hearings occurred and ultimately, the Department filed a petition to terminate Doe's parental rights. After a hearing, the magistrate court determined that Doe neglected Children because her conduct or omissions deprived Children of proper parental care and control and because of Doe's long-term and ongoing inability to discharge her parental responsibilities. The magistrate court determined it is in the best interests of Children to terminate Doe's parental rights. Doe appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## ANALYSIS

Doe argues the magistrate court erred in finding that: (1) she neglected Children by her conduct or omissions and because she is unable to discharge her parental responsibilities; (2) she parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child; (3) it was impossible for her to complete the case plan; and (4) it is in the best interests of Children to terminate her parental rights. The Department argues the evidentiary burden was satisfied as to each argument.

**A.      Grounds for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Upon

finding a statutory ground for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

In this case, the magistrate court found alternate statutory bases for which Doe's parental rights could be terminated. First, the magistrate court found that Doe neglected Children by failing to exercise proper parental care and control and second, because Doe demonstrated a long-term, ongoing inability to discharge parental responsibilities.

### 1.     Neglect

Doe argues the magistrate court erred in finding she neglected Children. The Department argues the finding of neglect is supported by substantial and competent evidence. Pursuant to I.C. § 16-2005(1)(b), neglect is a statutory ground for terminating parental rights. Idaho Code § 16-2002(3)(a), in part, defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Section 16-1602(31)(b) provides a child is neglected when its parents are "unable to discharge their responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety, or well-being."

Doe first asserts the magistrate court failed to consider Doe's developmental disability when concluding Doe neglected Children. Here, any challenges to Doe's ability to comply with the case plan had to be raised during the Child Protection Action case and cannot be raised for the first time in the termination case. *In re Doe*, 156 Idaho 682, 687, 330 P.3d 1040, 1045 (2014). Therefore, we decline to address this argument. Second, Doe argues that her developmental disability is not evidence of neglect. Because the magistrate court did not find Doe neglected Children based on a developmental disability, we need not address the argument any further.

Regarding whether Doe's conduct or omissions resulted in Children lacking proper parental care and control, the magistrate court considered various factors, including: (1) Doe's failure to protect Children from John Doe; (2) her child protection history; (3) her unaddressed substance abuse; (4) failing to follow through with treatment; (5) her past criminal behavior; (6) the domestic violence in the home; (7) the improvement of Children in foster care; and (8) Doe's noncompliance with the case plan. Doe argues the magistrate court did not give adequate

4

consideration to her progress because she was making strides towards sobriety, protectiveness, her mental treatment, and stable housing.

The magistrate court considered all the evidence, including Doe's marginal progress. Doe essentially asks this Court to reweigh the evidence, which we decline to do, as this Court does not reweigh evidence, but defers to the trial court's unique ability to accurately weigh the evidence and judge the demeanor of the witnesses. *Doe*, 148 Idaho at 246, 220 P.3d at 1065.

The magistrate court noted that the primary safety concerns in this case, as with the prior CPA cases, are illegal substance use, domestic violence, and emotional volatility. Any facts that are relevant to whether a statutory basis upon which to terminate parental rights exist are properly analyzed by the magistrate court. Thus, nothing precludes the magistrate court from considering the above factors to assess whether Children were neglected.

The magistrate court found that the home environment for Children was unstable, and Father was violent and dangerous. Doe has not learned to prioritize the safety of Children over her relationship with John Doe. A court's finding that a parent is unable to protect her children from the other parent constitutes substantial and competent evidence that the parent neglected her children. *In Interest of Doe Children*, 163 Idaho 367, 374, 413 P.3d 767, 774 (2018). The magistrate court found that Children suffered regular physical and emotional neglect. For example, despite Doe's statements that John Doe had engaged in domestic violence at the time Children were taken into custody, Doe later said that John Doe has never harmed her and does not recall him abusing her in front of Children. Despite John Doe's arrest on three counts of felony rape of a child, based on allegations involving Doe's oldest daughter, Doe testified she thinks the allegations are false because she did not ever witness any rape and "[t]here's no solid proof that he's ever raped her." Mother testified that John Doe is safe around her other children and plans to allow John Doe to be around Children if they are returned to her. The definition of neglect does not require the child suffer demonstrable harm before a finding of neglect can be made. *In re Doe*, 143 Idaho at 347, 144 P.3d at 601.

As to the prior child protection cases, Doe acknowledges that the history of a family can be considered as evidence of neglect. *Doe*, 144 Idaho at 843, 172 P.3d at 1118. The magistrate court found that since 2012, the family has been the subject of twenty-two safety referral reports, of which thirteen were investigated, resulting in substantiated investigations of neglect by Doe in

5

2014, 2018, and in this case. Doe has had two prior CPA cases in Idaho and one CPA case in Washington, and her parental rights to her oldest child have been terminated in an unrelated case.

The magistrate court could properly consider Doe's untreated addiction to illegal substances, as a drug problem that interferes with parenting and supports a determination of neglect. *Int. of Doe I*, 166 Idaho 173, 177, 457 P.3d 154, 158 (2020). Doe testified that her addiction to illegal substances affected her ability to care for Children, as it caused them to miss school and appointments, and that her thinking and behavior was not normal due to her drug use. Doe also testified that she was in a drug-induced psychosis at the time she was walking along the road with Children. The magistrate court found that Doe failed to follow through with treatment. Failing to follow through with treatment is a factor the magistrate court can properly consider. *See In re Doe*, 133 Idaho 826, 830, 992 P.2d 1226, 1230 (Ct. App. 1999). Doe continued to use illegal substances, Doe did not show proof of medication management and counseling, and one of the case workers noticed that Doe's substance abuse affected Doe's behavior.

A court may also consider a parent's involvement in criminal activity and the charges against them, as evidence of neglect. *In re Doe*, 142 Idaho 174, 179, 125 P.3d 530, 535 (2005). The magistrate court considered that Doe had been charged with felony drug possession, but the charges had been dismissed during the pendency of the CPA case. The magistrate court considered this only to note that despite the charges being dismissed, Doe did not seek treatment but instead continued to use controlled substances.

The record contains evidence of domestic violence, including the acts that precipitated Children coming into the Department's care. Doe exposed Children to this behavior, and during one instance, John Doe I attempted to intervene on Doe's behalf, which is evidence of neglect based on Doe's conduct demonstrating a lack of proper parental care and control.

In addressing the statutory bases of neglect, the magistrate court analyzed the case plan tasks that were directly related to and address the same safety threats that applied to the other statutory bases for terminating Doe's parental rights: neglect by conduct or omission and by failing to discharge her parental responsibilities. Doe acknowledges that she did not complete her case plan but claims this was because visitation was suspended. Doe testified that the Department "took away my visits, so why should I do what they want me to do when they took away my kids." The magistrate court found that Doe only stayed fifteen minutes during the meeting to develop the case plan and refused to attend the case plan hearing. Despite this, the magistrate court found that Doe

6

partially completed some case plan tasks but was not able to articulate knowledge of the circumstances that would lead her to use illegal substances, did not follow through with addressing her unhealthy relationship with John Doe, did not maintain healthy relationships free from abuse and violence, and did not demonstrate an ability to understand the negative effect these behaviors had on Children.

Doe argues the Department's actions made it impossible for her to comply with the case plan. In support, Doe cites *Idaho Dept of Health & Welfare v. Jane Doe (In re John Doe)*, 161 Idaho 596, 389 P.3d 141 (2016). An impossibility defense precludes a finding of neglect pursuant to I.C. § 16-2002(3)(b), which defines neglect, in part as:

> (b) The parent(s) has failed to comply with the court's orders or the case plan in a child protective act case and:
>> (i) The department has had temporary or legal custody of the child for fifteen (15) of the most recent twenty-two (22) months; and
>> (ii) Reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the department.

Doe fails to articulate which part of the case plan she could not comply with and how that was attributable to the Department. More importantly, the impossibility defense only applies to allegations of neglect pursuant to I.C. § 16-2002(3)(b). *See Doe*, 161 Idaho at 600, 389 P.3d at 145 (holding impossibility may be asserted as defense to claim of neglect founded upon failure to comply with requirements of case plan). In this case, the Department did not allege, and the magistrate court did not find, that Doe neglected her children pursuant to I.C. § 16-2002(3)(b), so the magistrate court did not err in concluding the impossibility defense did not apply.

Consequently, the magistrate court did not err in considering the above factors or in finding that Doe neglected Children.

### 2. Discharge of parental responsibilities

To the extent the magistrate court found Doe failed to discharge parental responsibilities and would be unable to do so for a prolonged period of time[2] pursuant to Idaho Code § 16-

---

[2]   The Department petitioned to terminate Doe's parental rights on two different bases: pursuant to Idaho Code § 16-2005(1)(b) and pursuant to I.C. § 16-2005(1)(d). It is not entirely clear whether the magistrate court found the inability to discharge parental responsibilities as an alternate basis of neglect, pursuant to I.C. § 16-2005(1)(b), or whether it was based on I.C. § 16-

2005(1)(d), substantial and competent evidence supports this finding. Idaho Code § 16-2005(1)(d) provides an independent basis for terminating parental rights: "The parent is unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals or well-being of the child." The magistrate court found that Doe cannot meet Children's basic needs, did not address the safety concerns that brought Children into the Department's care, cannot set safe and healthy boundaries or demonstrate learned skills over time, and that despite the Department's efforts, Doe does not have the necessary insight or ability to parent responsibly.

Doe does not separately address this ground but regardless, Doe's arguments regarding her failure to discharge parental responsibilities fail for the same reasons that her argument regarding neglect by conduct and omission fails. The same reasons and factual support for the magistrate court's finding of neglect by conduct or omission also support the magistrate court's finding that Doe was unable to discharge her parental responsibilities for a prolonged period of time, pursuant to I.C. § 16-2005(1)(d). Consequently, the magistrate court did not err in so finding.

**B.      Best Interests of the Children**

Once statutory grounds for termination have been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

---

2005(1)(d). To the extent the magistrate court addressed it as an alternate basis of neglect pursuant to I.C. § 16-1602(31)(b), for the same reasons there is substantial and competent evidence to support a finding of neglect under I.C. § 16-1602(31)(a), there is substantial and competent evidence to support a finding of neglect pursuant to I.C. § 16-1602(31)(b).

The magistrate court found that terminating Doe's parental rights is in the best interests of Children because Doe had ongoing law enforcement contacts and criminal charges (although they were subsequently dismissed), failed to provide any financial support, her situation and ability to safely parent had deteriorated, which the magistrate court found unsurprising given her untreated substance abuse and unstable relationship with John Doe. The magistrate court concluded that Doe had learned nothing from any of the prior CPA cases and refused to take any responsibility for neglecting Children. One of the Department workers who was involved in this case and the previous CPA cases, saw a significant deterioration in Doe's functioning and physical signs of long-term drug use and noted that Doe is unable to recognize her maltreatment of Children. Doe could not or did not provide for Children's most basic educational needs. Children's attendance at school was poor and they were significantly underperforming academically: at age eight, John Doe I did not know all the letters of the alphabet and, at age six, Jane Doe I cannot recognize letters or know their sounds.

In contrast, Children have made significant progress in foster care. The foster care placement was the same placement Children had in a prior CPA case. The foster parent in this case is highly educated and has specialized training in interacting with trauma-exposed children. The foster parent testified that John Doe I and Jane Doe I were feral when they came to her when John Doe I was three and Jane Doe I was two. By the time they were returned to their parents' care, both had established routines and could regulate their behavior. The foster parent testified that when the two older children returned to her care, at ages eight and six, the Children had regressed, were again "kind of feral," and all Children, including Jane Doe II, were behind academically and physically for their ages. As to all Children, the magistrate court found they have made progress at school, in the home, in their speech, and in their ability to manage anger. The magistrate court also noted that Children are happier, healthier, and calmer. Children's behavior has improved dramatically, and they have a safe and stable bond with their foster parent. Thus, the magistrate court did not err in determining that it is in the best interests of Children to terminate Doe's parental rights.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's conclusions that Doe neglected Children, was unable to discharge parental responsibilities, and that termination of Doe's

parental rights is in the best interests of Children. The judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge TRIBE **CONCUR**.