**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52409**

| | |
|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) |
| JANE DOE, | ) |
| Petitioner-Respondent, | ) **Filed: February 14, 2025** |
| | ) |
| v. | ) **Melanie Gagnepain, Clerk** |
| | ) |
| JOHN DOE (2024-48), | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| Respondent-Appellant. | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. Megan E. Marshall, Magistrate.

Judgment terminating parental rights, affirmed.

McCormick Law Office; Deborah L. McCormick, Moscow, for appellant.

K Miller Law PLLC; Kari Miller, Moscow, for respondent.

_____

GRATTON, Chief Judge

John Doe (2024-48) appeals from the judgment terminating his parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe and Jane Doe (Mother) were together from 2011 to 2015 but never married. John Doe I (Child) was born to Doe and Mother in May 2014. Between August 2014 and January 2015, Doe had minimal involvement in Child's life due to his employment and, later, his move to Montana. In 2016, Doe was arrested in Montana for an incident which occurred sometime in January or February 2015, at a time when Child was less than one year old. In 2017, Doe pled guilty to sexual intercourse without consent, involving his biological sister, and was sentenced to twenty-five years in prison with ten years suspended. Doe has been incarcerated in Montana since 2017, and his full-term release date is in 2031. Mother has provided for Child with help from Mother's brother

and godmother during Child's life. With the exception of a few letters, Doe has not had any contact with Child since his arrest in 2016.

In March 2023, Mother filed a petition for termination. The petition sought termination of Doe's parental rights based on incarceration and an inability to discharge parental responsibilities, pursuant to Idaho Code § 16-2005(d) and (e). The magistrate court found Doe has been incarcerated and will likely remain incarcerated for a substantial period during Child's minority. The magistrate court also found Doe is unable to discharge his parental responsibilities for a prolonged period and termination is in Child's best interests. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id*. The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho

2

343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Once a statutory ground for termination has been established, the trial court must then determine whether it is in the best interests of the child to terminate the parental relationship. *Matter of Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991).

## III.

## ANALYSIS

Doe claims the magistrate court's findings that Doe will be incarcerated for a substantial period of Child's minority, and that Doe is unable to discharge parental duties are not supported by substantial and competent evidence in the record. Doe contends the district court misstated and omitted relevant evidence.

### A. Waiver

Doe's brief fails to comply with Idaho Appellate Rule 35(a)(6), which states: "The argument shall contain the contentions of the appellant with respect to the issue presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." The Idaho Supreme Court held that it relies solely on the parties to ground their appeals in relevant argument and authority. *Dorr v. Idaho Dep't of Labor*, 171 Idaho 306, 309, 520 P.3d 1266, 1269 (2022). When an appellant fails to provide argument and authority in support of issues presented on appeal within the argument section of the appellant's brief, the appellate court cannot consider those issues. *Matter of Doe I*, 165 Idaho 33, 41-42, 437 P.3d 33, 41-42 (2019) (holding "Father failed to provide argument and authority for this issue; thus, it cannot be considered by this Court."). In *Wood v. Idaho Transp. Dep't*, 172 Idaho 300, 532 P.3d

3

404 (2023), the Idaho Supreme Court held that assignments of error that are not argued and supported in compliance with Rule 35(a)(6) are "deemed to be waived." *Wood*, 172 Idaho at 307, 532 P.3d at 411.

Here, Doe's brief provides some relevant authority and argument. However, as to the substantive argument portions of the brief, Doe does not provide a single citation to evidence in the record. This Court will not search the record on appeal for the necessary citations or arguments. *Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). Because Doe's brief contains no citation to the record, he has waived his claims on appeal.

**B. Termination**

Even if we address the merits of Doe's arguments, his claims fail. The magistrate court's findings on the statutory grounds for termination are supported by substantial and competent evidence in the record.

A court may grant an order terminating parental rights if the parent has been incarcerated and is likely to remain incarcerated for a substantial period during the child's minority. I.C. § 16-2005(1)(e). Factors that courts may consider in making the determination include the age of the child, the relationship between the parent and the child, and the likely period the parent will remain incarcerated. *Idaho Dep't of Health and Welfare v. Doe*, 161 Idaho 596, 603, 389 P.3d 141, 148 (2016). The magistrate court considered: Child's current age and Child's age at which Doe will likely be released from prison (seventeen years old); the nature of Doe's relationship with Child (approximately four visits with Child after Doe moved to Montana); and the period Doe will likely be incarcerated, including the likelihood of early parole. The magistrate court's finding that Doe will likely be incarcerated for six more years was based on substantial evidence. This evidence included statements of the parole board, which considered the nature and severity of the crime as well as Doe's need for additional treatment for chemical dependency. The fact that Child will be seventeen years old upon Doe's release further supports that this period of incarceration will be for a substantial period during Child's minority.

Doe contends that the magistrate court ignored or misstated evidence regarding: (1) whether Doe left for Montana when Child was three versus eight months old; (2) the amount of financial contribution from Doe; (3) his efforts at contacts with Child; and (4) Mother's interference in Doe's relationship with Child. Each of these factual issues was the subject of conflicting testimony and were considered and addressed by the magistrate court. The magistrate

court considered the appropriate factors in evaluating whether Doe is likely to be incarcerated for a substantial period during Child's minority. It properly analyzed the expected duration of future incarceration, and its findings are supported by substantial evidence. Because one statutory ground for termination is satisfied, we need not address Doe's argument that the magistrate court erred in finding Doe unable to discharge his parental duties. *See* I.C. § 16-2005(1)(d). However, the magistrate court correctly found that Doe is unable to discharge his parental duties based on several factors, including: (1) It is unclear where Doe will be living after his release; (2) Doe is not allowed around minor children without approved supervision; (3) Doe has no support from his immediate family; and (4) the facts and circumstances surrounding Doe's criminal conduct are injurious to Child's health and morals.

## C. Best Interests

After finding a statutory ground, a court must then decide if termination of parental rights is in the best interests of the child. *Roe v. Doe*, 142 Idaho 174, 179, 125 P.3d 530, 535 (2005); *see* I.C. § 16-2005(1). Doe fails to challenge the magistrate court's best interests determination in his brief. That finding of the magistrate court is affirmed.

## IV.

## CONCLUSION

Doe has failed to properly present his issues on appeal and, even if considered, his arguments fail. Consequently, Doe failed to show the magistrate court erred in its decision to terminate his parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.